IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DIVISION OF WISCONSIN
Madison, Wisconsin

| | |
|---|---|
| FELIX G. FRANCO, and | |
| FRANCO EXPRESS, Inc. <br> An Illinois Corporation, | |
| Plaintiffs | Case No.: 21-cv-48 |
| v. | JURY DEMAND |
| RICHLAND REFRIGERATED <br> TRANSFERS, LLC, <br> A Minnesota Corporation, | |
| Defendant | COMPLAINT |

Plaintiff Felix G. Franco, by his attorney Emmanuel F. Guyon, alleges as follows:

### I. Nature of the Case.

1. This is an action for personal injury to the Plaintiff Felix G. Franco, individually, and for property damage to personal property of Franco Express, Inc., an Illinois Domestic Corporation, which corporation is solely owned by Felix G. Franco, for conduct of the Defendant Richland Refrigerated Transfers, LLC, by its agent Mohamed A. Hussein, to cause personal injury to Plaintiff Felix G. Franco, individually, and to cause damage to the personal property of the Plaintiff as sole owner of Franco Express, Inc. an Illinois corporation.

### II. Parties.

2. Plaintiff Felix G. Franco is a resident of Streator, LaSalle County, Illinois.

3. Plaintiff Franco Express, Inc., is an Illinois Domestic Corporation, the President and sole shareholder is Felix G. Franco.

4. Defendant Richland Refrigerated Transfers, LLC, is a Domestic Limited Liability Company, incorporated on February 22, 2013, in the State of Minnesota pursuant to statute 322C, and is a corporation in good standing in that State at all times related hereafter that comprises the civil matter complained of hereafter by the actions of its employee Mohamed A. Hussein.

1

### III. Jurisdiction and Venue: Diversity of the Parties, between residents of different states.

5a. *F.R.C.P 1332 (a): The District Courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different states.*

5b. *F.R.C.P 1332 (c)(1): For purposes of F.R.C.P 1332 (a) a corporation shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.*

6. Plaintiff Felix G. Franco is a United States citizen, a resident of Streator, LaSalle County, Illinois.

7. Plaintiff Franco Express, Inc., was incorporated in the State of Illinois, and has its principal place of business in the State of Illinois.

8. Defendant Richland Refrigerated Transfers, LLC, of Fridley, MN, was incorporated pursuant to Minnesota statute 322C in the State of Minnesota in 2013, and the corporation is in good standing at this time, and was in good standing at the time of the events related hereafter that comprise the cause of action of the Plaintiffs against the Defendant.

9. The events complained of hereafter occurred in Janesville, Wisconsin, on April 10, 2019, thus the proper venue is directed by statute *(annotated)*:

*F.R.C.P 1391 (b)(2), "...a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...", and*

*F.R.C.P 1391 (c)(2), "whether or not a corporation...if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question...".*

The venue set by compliance with the above statutes is the Federal District Court, Western District of Wisconsin, Madison, Wisconsin. The action is classified as **'diversity'**, between parties of different states, and the amount in controversy, the damages for personal injury and property damages sought by the Plaintiff is believed to be in excess of $75,000.00, stated so in good faith as an estimated value of the claim.

### IV. Statement of the Claim.

10. In Janesville, WI, on April 10, 2019, at approximately 5:32 a.m., when Plaintiff's refrigerated tractor-trailer *(attached)* was legally parked at 200 Interstate Boulevard, near the Save-a-Lot warehouse located nearby, Franco's Grey 2008 Great-Dane semi-trailer was struck in the rear trailer driver side by a vehicle driven by Mohamed A. Hussein, driver for Richland Refrigerated Transfers, LLC, Defendant. The impact of the defendant's vehicle caused the

hanging bumper bar of the Plaintiff's trailer *(rear)* to bend inward at about 30 degrees, and the rear license plate panel to be bent upwards. The truck driven by Defendant's agent, a Red 2015 Freightliner semi-tractor, struck Plaintiff's trailer, causing Plaintiff, asleep at the time, to be jarred from the bunk-bed located in the rear upper part of the cabin of the 2008 Great-Dane tractor, which was forward from the point of impact approximately 53 feet, to fall without any control of his body a vertical distance of about 4 feet to the floor area of the cabin, the result being Plaintiff received a blunt force traumatic injury to his back when Plaintiff's back struck the frame of a small refrigerator in the truck's cabin. Plaintiff's injury was to the lower back, L-3 to S-1, causing severe injury and extreme pain, immediate, and now permanently to the lower back area. Plaintiff is scheduled to have a medical procedure, a fusion to his lower back, L-3 to S-1, in the immediate future to attempt elimination of the pain, but the planned surgery will also make him immobile because of the fusion and unable to enable to engage in his regular occupation as an over-the-road truck operator.

### V.     Relief Sought.

The damages sought by Plaintiff in this suite are based on the following components or personal and property damages.

1. **Wages.**

   a. Lost primary wages. Plaintiff was an independent long-distance OTR trucker.
   *b1*. Lost future wages from reduced ability to work anticipated future working hours, because of an inability to work in the same manner as before the injury and eventual recovery to the extent he might be able to work, ***alternatively,***
   *b2*. If surgery is not successful, Plaintiff may be totally disabled from employment.

2. **Medical Expenses.**

   a. Past and future expenses necessary to relieve plaintiff from the effects of the injury.
   b. Cost of drugs; external prostheses *(if required);* medical monitoring devices; therapy; modification to physical surroundings, *e.g.,* home, automobile/van, *etc.*

3. **Consequential Out of pocket expenses.**

   a. Reasonable repair or replacement of personal property.
   b. Reasonable substitution of transportation costs.

4. **Non-economic losses.**

   a. Pain and suffering
   b. Loss of consortium, services, or family relationship.
   c. Inability to engage in normal, pre-injury hobbies, leisure activities, family relationships and general interests.

***F.R.C.P. Rule 11* Certification.**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint: *(1)* is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; *(2)* is supported by existing law or by nonfrivolous argument for extending, modifying, or reversing existing case law; *(3)* the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and *(4)* the complaint otherwise complies with the requirements of *Rule 11*.

Date: January 22, 2021

/ s  Emmanuel F. Guyon
Emmanuel F. Guyon, Attorney for Plaintiff
Felix G. Franco, and Franco Express, Inc.

Bar Number:  Illinois ARDC 1090666

Emmanuel F. Guyon Law Firm
5 East Bridge Street
Streator, IL   61364

T:  *815/673-2361*

*bglaw@mediacombb.net*

4