IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FELIX G. FRANCO and FRANCO EXPRESS, INC.,

                        Plaintiff,

v.

RICHLAND REFRIGERATED SOLUTIONS, LLC,

                        Defendant.

OPINION and ORDER

21-cv-48-jdp

---

      Plaintiffs Felix G. Franco and Franco Express, Inc. are suing defendant Richland Refrigerated Solutions, LLC for injuries Franco and Franco Express sustained after a semi-tractor driven by one of Richland's employees hit Franco's tractor-trailer while Franco was parked and sleeping inside. Richland moves to strike plaintiffs' expert disclosures because they don't comply with Federal Rule of Civil Procedure 26(a)(2). Dkt. 51. The court agrees with Richland that plaintiffs' disclosures are inadequate and that plaintiffs' failure to follow Rule 26 isn't justified. But the court is persuaded that giving plaintiffs another chance to comply won't prejudice Richland, so the court will give plaintiffs a new deadline for submitting a complete expert disclosure.

ANALYSIS

      The expert disclosures at issue are related to damages. The original deadline in the preliminary pretrial conference order for plaintiffs to disclose those experts was January 18, 2022. *See* Dkt. 27, at 3. The order confirms what the parties should already know, which is that expert disclosures must comply with Rule 26(a)(2). *Id.* at 2. Among other things, that means that the disclosure must include a report from the expert, identifying his or her opinions

and the bases for those opinions. *See* Fed. R. Civ. P. 26(a)(2)(B) ("[T]his disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."); *id.* (a)(2)(B)(i)–(vi) (listing the requirements for an expert report).

In December 2021, the parties filed a joint motion to extend the January 2022 deadline to April 18, 2022. Dkt. 29. The parties explained that Franco had back surgery in August 2021, and his treating physician was not scheduled to examine Franco's condition after the surgery until February 2022. This didn't leave enough time to depose Franco's physician and allow both sides' experts to review the deposition transcript before the April deadline. *Id.* The parties didn't explain why there was a six-month delay between Franco's surgery and the examination, or why, if the delay was unavoidable, they didn't anticipate the delay and ask for an accommodating schedule during the preliminary pretrial conference. Despite this, the magistrate judge granted the motion, set an April 22 deadline for plaintiffs' disclosures, a May 18 deadline for Richland's disclosures, and a June 18 deadline for completing discovery. Dkt. 30.

On April 17, 2022, one day before their expert disclosures were due, plaintiffs moved for an extension of time. Dkt. 46. Plaintiffs explained that they had asked one surgeon to serve as their expert on March 22, 2022, but that surgeon later declined. Plaintiffs asked for two more weeks to "obtain the services of a medical expert to be identified and conduct an examination and issue a report." *Id.*, ¶ 4. Plaintiffs didn't explain why they waited until March 22—more than a year after the case was filed—to seek a damages expert, or how they anticipated that they would be able to retain an expert, conduct an examination, and submit a

report in two weeks. But they represented they could complete discovery by the June 18 deadline. *Id.*, ¶ 5. Richland didn't oppose the motion, on the condition that the disclosures complied with Rule 26(a)(2). *See* Dkt. 47. The magistrate judge granted the motion on those terms. Dkt. 50.

On May 11, Richland moved to strike plaintiffs' damages expert disclosures because they identified the names of a "medical expert" and a "vocational expert," but they weren't accompanied by an expert report. Dkt. 51. In their response to the motion to strike, plaintiffs acknowledge that they failed to submit expert reports, but they contend nevertheless that their disclosure was "in compliance with the order of the court." Dkt. 54, at 5. That's incorrect. As already explained, the court's order required plaintiffs to comply with Rule 26(a)(2) by May 2, which plaintiffs failed to do.

Most of plaintiffs' response is devoted to a request to adjust the schedule. They say that their medical expert, Alexander Ghanayem, cannot examine Franco until June 2, but they "anticipate[]" that Ghanayem's report will be ready by "mid-June," and that the report of their vocational expert, Joseph Belmonte, will be ready "by mid-to-late June." Dkt. 54, at 4. So plaintiffs ask to extend the deadline for Ghanayem to submit his report to "mid-June," for Belmonte to submit his report by June 30, and for expert depositions to occur "in the month of July." *Id.* at 5.

When a party fails to timely disclose an expert as required by Rule 26(a), the exclusion of the witness's proposed testimony is "automatic and mandatory," unless the proponent can show that the violation of Rule 26(a) was either justified or harmless. *Karum Holdings LLC v. Lowe's Cos.*, 895 F.3d 944, 951 (7th Cir. 2018). Plaintiffs haven't shown that their violation of the rule was justified. The only excuse identified in their response brief was the "delay" while

3

they were waiting for a response from their first choice for an expert. Dkt. 54, at 2. But this doesn't explain all the other delays the court already discussed, and it doesn't explain why plaintiffs waited nearly a month for a response from that surgeon before seeking other alternatives. Plaintiffs say that the surgeon turned them down simply because he doesn't provide expert testimony, and they don't explain why they believed that he would work on their case. It appears that plaintiffs have only themselves to blame for their failure to meet the deadline.

That being said, the court is persuaded that there is enough time left before trial, if only barely, to give plaintiffs an extension of time without causing any prejudice to Richland. The court will give plaintiffs until June 15 to fully comply with their expert disclosure requirements for both of their experts.[1] The parties may have until July 25 to complete depositions of their experts. This gives the parties several weeks before their August 19 pretrial disclosures are due. There is no more room left in the schedule, so the court will not grant plaintiffs any further extensions. If plaintiffs cannot comply with their June 15 deadline for either of their experts, that expert will not be testifying at trial.

Richland's only objection to granting plaintiffs an extension is that plaintiffs' proposed schedule didn't leave enough time to conduct depositions. But the court's new schedule allows more than a month to conduct the depositions, which should be sufficient. The court advises the parties to coordinate with their experts sooner rather than later to set a deposition schedule. If plaintiffs don't make an expert available before the deadline, Richland may renew its motion to strike that expert's testimony.

---

[1] Richland has already submitted its damages expert report, *see* Dkt. 53, so the court need not set a new deadline for Richland.

ORDER

IT IS ORDERED that defendant Richland Refrigerated Solutions, LLC's motion to strike the expert disclosures of plaintiffs Felix Franco and Franco Express, Inc., Dkt. 51, is DENIED. Plaintiffs may have until June 15, 2022, to comply with their Rule 26(a)(2) disclosure requirements. The deadline for completing discovery is extended to July 25, 2022.

Entered May 24, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge