IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FELIX FRANCO and FRANCO EXPRESS, INC.,

        Plaintiffs,

v.                OPINION and ORDER

RICHLAND REFRIGERATED SOLUTIONS, LLC,   21-cv-48-jdp

        Defendant.

---

  This case about a truck accident is scheduled for a final pretrial conference on November 18. This opinion will address the parties' motions in limine.

## ANALYSIS

**A. Plaintiffs' motions in limine**

  **1. Motion to exclude portions of Dzung Dinh's testimony**

  Dinh was Franco's treating physician after the accident, and he performed back surgery on Franco. Dinh will be testifying by video deposition.

  Plaintiffs seek to exclude Dinh's testimony from pages 15 through 17 and 37 through 38 of his deposition. In the first passage, Dinh is discussing his note from his first examination of Franco in July 2019. Neither side submitted the note to the court, but defense counsel quoted the note during the deposition as stating that Franco "tried to hold off any surgical treatment for at least two years in order to pay off his truck." Dkt. 58, at 16:17–20. Dinh testified that the use of past tense in the note was a "typo" and that the note referred to Franco telling Dinh in 2019 that he wanted to wait for surgery until 2021, not that he had told someone else in 2017 that he wanted to wait until 2019. *Id.*, at 16:23–17:9. In the second

passage, Dinh offers the opinion that Franco "would have had surgery" on his back regardless of the accident. *Id.*, at 37:2–38:18.

Plaintiffs object to the first passage because "it is misleading to suggest to the jury the pre-existing condition of neurogenic claudication and scoliosis . . . directs no liability for the injury suffered by plaintiff on 4.10.2019." Dkt. 82-4, at 3. Plaintiffs object to the second passage because Dinh's opinion "lacks an adequate foundation." *Id.* at 4.

Plaintiffs' objection to the first passage doesn't track Dinh's testimony. The testimony is limited to a single progress note in Franco's medical file, but plaintiffs' motion suggests that they are objecting to any testimony about Franco's pre-existing conditions. If plaintiffs intended to raise that broader objection, it is overruled. Plaintiffs provide no support for prohibiting Richland from asking plaintiffs' own expert about the effect of Franco's preexisting conditions on his health now.

The court will also overrule plaintiffs' objection to Dinh's testimony about the progress note. Presumably, plaintiffs are also objecting to the progress note itself, which the parties appear to agree suggests that Franco had considered back surgery before the accident. This is relevant to Franco's credibility regarding the extent to which his injuries were caused by the accident. Plaintiffs don't challenge the note on hearsay grounds, and the note would likely qualify as a business record under Federal Rule of Evidence 803(6) if Richland lays the proper foundation. Of course, plaintiffs are free to rely on Dinh's testimony to show that the record inaccurately reflects what Franco actually said to Dinh, and Franco can also testify about that issue. But the note isn't inadmissible simply because there is contrary evidence.

The court will sustain plaintiffs' objection to Dinh's opinion that Franco "would have had surgery" on his back regardless of the accident. *Id.*, at 37:2–38:18. Richland interprets this

testimony to mean that Franco's preexisting conditions would have required him to have the surgery he had, even in the absence of his accident. But Dinh's testimony wasn't framed in terms of medical necessity, only what he believed Franco "would have" done. In fact, the cited testimony says nothing about Franco's preexisting conditions. And even if Dinh were offering an opinion about Franco's preexisting conditions, Richland doesn't cite any testimony in which Dinh provided any foundation for the opinion. It is well established that experts must provide more than just a bare conclusion. *See, e.g., Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert."); *Zamecnik v. Indian Prairie School Dist. No. 204*, 636 F.3d 874, 881 (7th Cir. 2011) ("Mere conclusions, without a hint of an inferential process, are useless to the court.").[1] So the court won't allow Dinh to offer that opinion at trial.

### 2. Motion to exclude portions of Jerry Bauer's testimony

Jerry Bauer is a neurosurgeon who is Richland's medical expert. Like Dinh, Bauer will be testifying by video deposition.

Plaintiffs move to exclude pages 10 through 40 of Bauer's deposition, which represents most of his testimony. Plaintiffs object that Bauer attributes Franco's injuries to preexisting conditions rather than the truck accident. Plaintiffs don't challenge Bauer's qualifications, and they don't contend that Bauer's testimony is based on insufficient facts or is unreliable. *See* Fed. R. Evid. 702. Instead, plaintiffs say that Franco's pre-existing conditions are "not what

---

[1] Richland cites the Wisconsin Rules of Evidence for the standard on admitting expert testimony, but the Federal Rules of Evidence apply in federal court, even when the underlying claim is based on state law. *See Stutzman v. CRST, Inc.*, 997 F.2d 291, 295 (7th Cir. 1993).

this lawsuit is about," and it would confuse the jury to allow Bauer to testify about them. Dkt. 82-4, at 9. Plaintiffs also say that Bauer's testimony is "signaling, subtly, to the jury to find no liability and to be excused to respond in damages," which "invades the province of the jury as the trier of facts." *Id.* at 11.

Neither of those objections is valid. Plaintiffs can't exclude expert testimony simply because it is inconsistent with their theory of the case. And it doesn't invade the province of the jury to offer an opinion on causation that is contrary to plaintiffs' expert's opinion. Of course, plaintiffs are free to present contrary testimony. But Richland is entitled to present evidence that Franco's injuries weren't caused by the accident. Again, plaintiffs don't challenge the sufficiency or reliability of Bauer's testimony, so the court will deny this motion.

B. **Richland's motions in limine**

Richland filed motions to exclude the following evidence: (1) testimony that Franco felt threatened by Richland's driver; (2) any reference to the nationality of Richland's driver; (3) testimony that Franco felt compelled to return to work to support his family; and (4) medical opinions offered by Franco himself. Plaintiffs didn't oppose any of these motions, so the court will grant them.

Richland also asks for a jury instruction "that the histories given by the Plaintiff [to his vocational expert] are not in and of themselves admissible in evidence, and should not be accepted for the truth of the matters asserted by the Plaintiff." Dkt. 79, at 2. But the court's standard instructions already tell the jury that an expert's testimony may be "based on assumptions that certain facts are true . . . . Such an opinion is of use to you only if the assumption is based on assumed facts that are proven later. If you find that the assumptions stated in the question have not been proven, then you should not give any weight to the answer

the expert gave to the question." This instruction addresses Richland's concern. Richland neither explains why the standard instruction is inadequate nor proposes an alternative, so the court will deny the motion.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion to exclude portions of Dzung Dinh and Jerry Bauer's depositions, Dkt. 82-4, are GRANTED in part and DENIED in part. The court will exclude Dinh's opinion that Franco "would have had surgery" on his back regardless of the accident. The motions are otherwise denied.

2. Defendant's motions in limine, Dkts. 76, 77, 78, and 80, are GRANTED as unopposed.

3. Defendant's motion in limine for a limiting instruction on the proper consideration of the testimony from plaintiffs' vocational expert, Dkt. 79, is DENIED.

Entered October 7, 2022.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge