IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

FELIX FRANCO and FRANCO EXPRESS, INC.,

                Plaintiffs,

v.

RICHLAND REFRIGERATED SOLUTIONS, LLC,

                Defendant.

OPINION and ORDER

21-cv-48-jdp

      This case about a truck accident is scheduled for a final pretrial conference on November 18. Defendant Richland Refrigerated Solutions, LLC now moves for reconsideration on the order granting the motion in limine of plaintiffs Felix Franco and Franco Express, Inc. to exclude the testimony of physician of Dzung Dinh that Franco "would have had surgery" on his back regardless of the accident. Dkt. 58, at 37:2–38:18. The court will deny the motion.

      The court excluded this portion of Dinh's testimony for two reasons. First, it was too vague to be helpful to the jury. Richland interpreted the testimony to mean that Franco's preexisting conditions would have required him to have the surgery, even in the absence of his accident. But Dinh's testimony wasn't framed in terms of medical necessity, and he didn't refer to Dinh's preexisting conditions. In fact, he didn't explain why he believed that Franco would have had surgery anyway.

      Second, even if it were reasonable to assume that Dinh was offering an opinion about Franco's preexisting conditions, Dinh's opinion would still be inadmissible because Dinh offered no foundation for that opinion.

      Richland seeks reconsideration on four grounds, but none are persuasive. First, Richland contends that plaintiffs waived any objection to Dinh's testimony when they failed to object

to defense counsel's questioning during Dinh's deposition. Richland cites Federal Rule of Civil Procedure 32(d)(3)B to support this contention, but that rule applies only to an "error or irregularity at an oral examination"; it has nothing to do with admissibility of the testimony for substantive reasons. It isn't the opposing party's responsibility to ensure that the testimony of his adversary's expert is adequately supported, so plaintiffs had no obligation to object.

Second, Richland says that Dinh later clarified what he meant with the following testimony:

> QUESTION: Do you feel that he had to have this surgery at this time when you did the surgery because of his complaints and disability?
>
> ANSWER: Like I said, he was –by then, he was beyond the timing for the surgery anyway, so yes.
>
> QUESTION: He had to have the surgery, right?
>
> ANSWER: Correct

As an initial matter, Richland forfeited any reliance on this testimony when he failed to cite it in response to plaintiffs' motion in limine. In any event, none of these answers or questions add any clarity. It isn't clear in the first question what defense counsel means by "complaints and disability." And it isn't clear what Dinh means when he says that Franco "was beyond the timing for surgery." Neither the answer nor the question would allow the jury to infer that Dinh was offering an opinion about the effect of Franco's preexisting conditions on his need to have surgery. As for the second question and answer, they don't address *why* Franco "had to have the surgery," so they aren't helpful.

Third, Richland says that Dinh's opinion is supported by his "extensive experience in performing this type of surgery, his personal knowledge of treating the Plaintiff, and his review of radiographic studies showing that the Plaintiff's condition." Dkt. 102, at 4. But none of this

2

is helpful. Neither plaintiffs nor the court questioned Dinh's qualifications, "[b]ut it is not enough that the proposed testimony comes from a qualified physician." *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009). The expert must also explain *how* he reached his conclusion. *See United States v. Moore*, 521 F.3d 681, 684–85 (7th Cir. 2008); *Gayton v. McCoy,* 593 F.3d 610, 617–18 (7th Cir. 2010). Richland points to no testimony in which Dinh connects his opinion to radiographic studies or to specific knowledge he learned from treating Franco. The jury isn't allowed to speculate.

Fourth, Richland says that Dinh's testimony "is no more conclusory than that of Plaintiff's retained expert, Dr. Alexander Ghanayem." Dkt. 102, at 5. But Richland didn't move to exclude Ghanayem's testimony, so he forfeited that issue. And even if Richland is correct, that isn't a reason for allowing Dinh to offer an inadmissible opinion.

The bottom line is that Richland hasn't shown that the court erred by excluding a portion of Dinh's testimony. The court will deny the motion for reconsideration.

ORDER

IT IS ORDERED that defendant Richland Refrigerated Solutions, LLC's motion for reconsideration, Dkt. 102, is DENIED.

Entered October 17, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge